UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry W. Scott, Jr., # 315277, | ) C/A No. 5:14-3567-DCN-KDW |
| Plaintiff, | ) |
| vs. | ) ORDER |
| John Pate, Warden;<br>A/W Randall Williams;<br>A/W McKendley Newton;<br>Major Walter Worrock;<br>Captain Carter;<br>Sgt. Cohen;<br>Sgt. Mrs. Washington;<br>Lt. Tyler;<br>Lt. Ramsey;<br>Counsel Substitute Ms. Jones;<br>Ofc. Campbell;<br>Dr. Byrnes, | ) |
| Defendants. | ) |

This case is again before the Court because of Plaintiff's failure to comply with the magistrate judge's Order of September 12, 2014. ECF No. 7.

Review of the docket indicates that the magistrate judge ordered Plaintiff to submit items needed to render this case into proper form within twenty-one days (by October 6, 2014) and specifically informed Plaintiff that if he failed to do so, this case would be dismissed *without prejudice*. When the original deadline for Plaintiff's compliance passed without any response, on October 21, 2014, the Court issued an Order dismissing the case without prejudice. ECF No. 11. Several days later, the mail in which the dismissal Order was sent to Plaintiff was returned to the Court undeliverable. ECF No. 15. On that same day, October 27, 2014, the Clerk of Court received a change of address notice and a letter from Plaintiff, indicating that he had not received his copy of the dismissal Order and requesting additional time to comply with the magistrate judge's initial Order. ECF Nos. 16, 17. Thereafter, on November 5,

2014, the Court vacated its prior dismissal Order and the case was remanded to the magistrate judge for further handling. ECF No. 19. On the same day, copies of the Order Vacating Dismissal and the original Order and all attachments thereto were then mailed to Plaintiff at his new address. ECF No. 21. Five days later, Plaintiff called the Clerk of Court to say that he had been released from custody and had another new address to provide (his third since the case was opened) and three days later, the mail that was sent to Plaintiff's second address was returned undeliverable. ECF Nos. 23, 24. When the Court received written notification of Plaintiff's new address, the magistrate judge ordered the Clerk to forward to that address all documents that had been previously mailed to Plaintiff at his previous two addresses, but returned to the Court undelivered. In that November 14, 2014 Order, the magistrate judge specifically informed Plaintiff that "he now has until December 11, 2014, to bring this case into proper form." ECF No. 26.

There is still no filing fee or motion for leave to proceed *in forma pauperis* on the docket and Plaintiff has not submitted answers to the Court's special interrogatories or service documents as he was directed to do. ECF No. 7. The extended time for Plaintiff's compliance has now passed by nearly two weeks and the mail in which the Clerk of Court forwarded all previous Orders and attachments to Plaintiff at the most recent address the Court has for him has not been returned. Thus, is presumed that Plaintiff received the Orders, but has elected not to comply with the Court's initial Order and to no longer prosecute this case.

Plaintiff's lack of response to the magistrate's initial Order despite the Court's efforts to notify him of his obligation to bring this case into proper form by mailing and re-mailing numerous documents to three different addresses over a three-month period indicates his intent to not continue prosecuting this case, and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a Plaintiff fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

Accordingly, this case is dismissed *without prejudice*. The Clerk of Court shall close the file.[1]

IT IS SO ORDERED.

_____
David C. Norton
United States District Judge

February 9, 2015
Charleston, South Carolina

---

[1] Under General Order, Misc. No. 3:07-5014-JFA, this dismissal *without prejudice* does *not* count as a "strike" for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g). If Plaintiff wishes to bring this action in the future, he should obtain new forms for doing so from the Clerk's Office in Columbia (**901 Richland Street, Columbia, South Carolina 29201**).

\*\*\*\*
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

\*\*\*\*